DONALD P. EICHHORN (SBN 139863)
MARK L. COKEE    (State Bar No. 225818)
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
525 Market Street, 17th Floor,
San Francisco, CA 94105-2725
Telephone: 415.433.0990
Facsimile: 415.434.1370

Attorneys for Defendant
APPLICA CONSUMER PRODUCTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY PENN, | Case No. 2:11-CV-02574-MCE-CMK |
| Plaintiff, | CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER |
| vs. | |
| APPLICA CONSUMER PRODUCTS, INC., | |
| Defendant. | |

This Confidentiality Agreement and Order ("Agreement") is made by and among the Parties listed on Exhibit A hereto ("Parties"), and their past, present and future parents, subsidiaries, affiliates, agents, representatives, predecessors, successors and assigns.

**WHEREAS**, the Parties are litigating an action venued in the United States District Court, Eastern District of California, Case No. 2:11-CV-02574, styled *Kimberly Penn v. Applica Consumer Products, Inc.* (hereinafter "this Lawsuit").

**WHEREAS**, in the course of this Lawsuit, the Parties may disclose information they contend is Confidential Material, as defined in Section 2 below; and

**WHEREAS**, the Parties desire to protect this information disclosed pursuant to the terms of this Agreement;

///

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. <u>Material That May Be Designated As Confidential</u>.  Any Party may designate as "Confidential Material," in accordance with Paragraph 2 of this Agreement, any of the following: (a) documents produced by any Party at any time in this Lawsuit; (b) the Party's interrogatory answers, responses to document requests and responses to requests for admissions; (c) transcripts of depositions of the Party's employees and/or designees; and (d) other information produced by any Party in the course of this Lawsuit.  Any Party may designate any of the foregoing as "Confidential Material" at the time of or within ten (10) days of its disclosure.

2. <u>Basis For Designation Of Material As Confidential</u>. A Party may designate material as "Confidential Material" based upon a belief that the material: (a) constitutes trade secrets or other confidential research, proprietary, development, financial or commercial information not reasonably available to the public; (b) is subject to confidential settlement agreements and/or negotiations; (c) contains confidential information regarding clients; and/or (d) is otherwise confidential.  The Parties will act in good faith in designating any material as Confidential Material.

3. <u>Permissible Use Of Confidential Material</u>.  Any person having access to Confidential Material shall use it only for the purposes of this Lawsuit.  In no event shall any person receiving Confidential Material use it for a commercial or competitive purpose, or make any public disclosure of the contents thereof. Confidential Material containing information relating to nonparties shall not be used to contact those non-parties except for the purpose of developing evidence for use in this litigation or as otherwise required in connection with the prosecution or defense of this action.  However, nothing contained in this Protective Order shall affect the right of the Designating Party to use its own Confidential Material.

4. <u>Persons With Access To Confidential Material</u>.  Access to Confidential Material shall be limited to:

    a.    The Parties to this Lawsuit;

    b.  Counsel for the Parties;

    c.  The Court presiding over this Lawsuit;

    d.  Experts and consultants employed, retained or otherwise consulted by the Parties for the purpose of analyzing data, conducting studies or providing opinions for assistance in this Lawsuit;

    e.  A Party's insurers, reinsurers or auditors;

    f.  A deponent, during the course of his or her examination;

    g.  Court reporters who record testimony taken in the course of this litigation;

    h.  Copy or computer services for the purpose of copying or indexing documents, provided all Confidential Material is retrieved by the Party furnishing it immediately upon completion of the service; and

    i.  Such other persons as may be subsequently designated by either written agreement of the parties after a request by one of them, or by Order of this Court upon motion of any party, after notice to the opposing party.

  5.  <u>Precondition To Access To Confidential Material</u>.  Any Party disclosing Confidential Material to persons listed in Paragraph 4 of this Agreement shall advise such persons of the existence of this Agreement and the terms hereof.  Any Party disclosing Confidential Information to persons listed in subparagraphs (d) and (e) of Paragraph 4 shall, prior to disclosing Confidential Material, obtain a signed declaration (in the form attached as Exhibit B hereto) from such persons.

  6.  <u>List of Persons With Access To Confidential Material</u>.  Counsel for the inspecting party shall maintain a list of the names and addresses of all persons listed in Paragraph 4 of this Agreement to whom Confidential Material is disclosed and shall promptly make that list available to counsel for the disclosing party.  Counsel for the inspecting party shall promptly provide new versions of the list if and when names are added.  A final version of the list shall be provided to counsel for the disclosing party at the conclusion of this case.  Except however, that counsel for the inspecting party shall not be obligated to disclose the identity of a person with access to Confidential Material who is an expert not expected to be called at trial. However, in the event the Plaintiff

provides Confidential Material to an expert Plaintiff does not expect to call at trial, counsel for the Plaintiff must promptly notify counsel for Defendant Applica Consumer Products, Inc. ("Applica") that an unidentified non-testifying expert will be shown the Confidential Material and certify that such non-testifying expert has not, and does not, consult for any competitor of Applica in the small appliance or housewares businesses.

      7.      <u>Prohibitions on Disclosure of Confidential Materials</u>.  Individuals and entities permitted access pursuant to Paragraph 4 hereof to Confidential Material, or any parts thereof, are hereby ordered not to show or convey any such documents or things, or any parts thereof, or any copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who does not otherwise have access to Confidential Material under the provisions of this Order.

      8.      <u>Jurisdiction</u>.  Any person receiving Confidential Material under the terms of this Agreement hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violations of this Agreement.

      9.      <u>Procedures For Designating Confidential Material</u>.

      a.      <u>Documents</u>.  Written notice of confidentiality to the receiving Party or marking a document as "Confidential" or "Confidential Material" shall suffice to designate documents produced by a Party as Confidential Material.

      b.      <u>Interrogatory Answers, Responses To Document Requests, And Responses To Requests For Admissions</u>.  Specific Interrogatory answers, responses to document requests and responses to requests for admissions may be designated by the responding Party as Confidential Material by identifying the specific answer or response with "Confidential" or "Confidential Material" or by written notice of confidentiality to the receiving Party.

      c.      <u>Deposition Testimony</u>.  A Party may designate portions of deposition testimony as Confidential Material by noting same on the record during the deposition or by giving written notice to the other Party within thirty (30) days after receipt of the deposition transcript.

    d. <u>Copies of Confidential Material</u>.  All copies of any document which is designated as "Confidential Material" shall be treated as confidential and subject to the terms of this Agreement.

  10. <u>Treatment of Documents Produced for Inspection</u>.  If any Party makes its documents available for inspection to permit any other Party to select documents it wishes to have copied (regardless of where such production takes place), then all such documents shall be deemed to be Confidential Material, under the terms of this Agreement, during the course of such inspection. After the inspecting Party identifies those documents it wishes to have copied, the producing Party may mark any such documents, as "Confidential Material" in accordance with the terms of this Agreement, before permitting the documents to be copied or before providing such copies to the inspecting Party.  Upon providing the inspected documents to the inspecting Party, only the documents marked "Confidential Material," and any documents subsequently designated as "Confidential" pursuant to this Agreement, shall be deemed to be Confidential Material.

  11. <u>Use of Confidential Material in Court</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the court.

  12. <u>Disclosure of Confidential Material in Other Actions</u>.  If any person subject to this Agreement ("Recipient") receives a subpoena or discovery demand to copy, inspect, or produce Confidential Material, then the Recipient shall, within five (5) days after receiving the request, provide notice thereof to the Party that designated such material as Confidential Material ("Designating Party"). The Recipient shall object to any such request for production on the ground of this Confidentiality Agreement and shall not disclose said Confidential Material until either: (a)

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

the Recipient receives written permission from the Designating Party allowing disclosure; or (b) the Recipient is ordered by a court or other tribunal to produce the Confidential Material.

13. <u>Objections to Designations</u>.  If a Party objects to the designation of any material as Confidential Material, then that Party shall state the objection by letter to counsel for the Party making the designation.  The parties shall attempt to resolve each challenge in good faith.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (and in compliance with Civil Local Rule 141, if applicable).  In addition, the Objecting Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has met and conferred with the other Party.  Until the Court rules on any such motion, the materials shall be deemed Confidential Material under the terms of this Agreement.

14. <u>Return of Confidential Material</u>.  Within thirty (30) days after the conclusion of this Lawsuit, and at the discretion of the Designating Party, each Party shall:  (a) return to counsel for the Designating Party all Confidential Material produced by that Party, including any copies thereof; or (b) destroy such Confidential Material or maintain the Material as confidential until the Receiving Party destroys or returns the Material, and provide a certification or affirmation that the Confidential Materials have been destroyed.  This includes originals and all copies of all items designated as Confidential Material, whether in paper, electronic or digital format and whether stored on computer servers, hard drives, or other digital storage media, and includes all Confidential Materials provided to testifying and/or consulting experts.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all documents produced, pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential & Protected

Material. Any such archival copies that contain or constitute Confidential & Protected Material remain subject to this Confidentiality Agreement and Protective Order until its destruction.

15. <u>Reservation of Rights</u>.  The Parties agree that the execution of this Agreement shall not constitute a waiver of any rights existing under any applicable law or court rules, including the attorney-client privilege and the work product doctrine.

16. <u>Disputes Arising Out of This Agreement</u>.  The Parties agree that money damages for any breach or threatened breach of this Agreement are inadequate and that, without prejudice to any other rights and remedies otherwise available to them, the Parties shall be entitled to seek and obtain temporary or injunctive relief for any breach or threatened breach of this Agreement without the necessity of posting a bond.

17. <u>Duly Authorized Representatives</u>.  Each of the undersigned declares and represents that he or she is competent to execute this Agreement and that he or she is duly authorized and has the full right and authority to execute this Agreement on behalf of the Party for which he or she is signing.

18. <u>Applicable Law</u>.  This Agreement shall be governed by the laws of California.

APPROVED:

\_\_\_\_/s/_____
Christopher A. Viadro
BUTLER VIADRO, LLP
Attorneys for Plaintiff KIMBERLY PENN

\_\_\_\_/s/_____
Donald P. Eichhorn
Mark L. Cokee
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for APPLICA CONSUMER PRODUCTS, INC.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: September 20, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**to CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

*Kimberly Penn vs. Applica Consumer Products, Inc.*
*Case No. 2:11-CV-02574*

We consent to the Confidentiality Agreement and entry of this Order.

_____/s/_____
Christopher A. Viadro
Butler Viadro, LLP
*Attorneys for Plaintiff Kimberly Penn*

_____/s/_____
Donald P. Eichhorn
Mark L. Cokee
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Applica Consumer Products, Inc.*

# EXHIBIT B
# to CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

*Kimberly Penn vs. Applica Consumer Products, Inc.*
*Case No. 2:11-CV-02574*

## **DECLARATION**

I, _____, hereby understand and agree that any information or documents designated as "Confidential Material" shall be provided to me subject to the terms and conditions set forth in the Confidentiality Agreement executed by the Parties in the matter entitled *Kimberly Penn vs. Applica Consumer Products, Inc., Case No. 2:11-CV-02574*.

I hereby acknowledge that I have been given a copy of and have read the Confidentiality Agreement. I agree that I shall not disclose the information or documents to any other party and that the information or documents shall be used only for the purposes of this Lawsuit. I agree that following the conclusion of this Lawsuit, I will return all Confidential Material, including all copies thereof and all summaries or descriptions thereof contained in other documents, to the attorney or other person who provided such information or documents to me.

I further agree to be bound by the terms of the Confidentiality Agreement and to subject myself to the jurisdiction of the United States District Court for the Eastern District of California, for the enforcement of the Confidentiality Agreement. I understand that in the event I fail to abide by the terms of the Confidentiality Agreement, I may be subject to sanctions by the Court.

Dated: _____     _____
                               Signature